UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUSTIN L. VANN,

     Plaintiff,

v.                                                                  Case No.:  2:23-cv-396-SPC-NPM

RAMI TABIL and
DAVID KELLER,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court is Defendants Rami Tabil and David Keller's Motion for Summary Judgment. (Doc. 77).  Plaintiff filed a response in opposition.

This case proceeds on Plaintiff's Eighth Amendment claims against Defendants Tabil and Keller arising from events occurring at Charlotte Correctional Institution in March 2021. Defendants were correctional sergeants at Charlotte Correctional Institution during the relevant period. Plaintiff alleges Defendants were deliberately indifferent to a substantial risk of serious harm posed by his cell assignment and subsequent events involving another inmate.  Defendants deny Plaintiff's allegations and contend they are entitled to judgment as a matter of law.

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.

After careful review of the parties' submissions and the record, the Court concludes genuine disputes of material fact preclude summary judgment. The parties present materially different accounts of the relevant events, including what information Plaintiff conveyed to Defendants, what Defendants knew regarding any alleged risk to Plaintiff's safety, how Defendants responded, and the circumstances surrounding Plaintiff's injuries. These factual disputes bear directly on the deliberate indifference analysis and cannot be resolved at summary judgment. See *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) ("Where material facts are disputed, qualified immunity cannot be resolved at summary judgment.").

Defendants primarily rely upon institutional records, incident reports, medical records, and related documentation. However, the present record does not include sworn testimony, affidavits, or declarations from either Defendant concerning the underlying events. Plaintiff, meanwhile, submitted sworn factual assertions supporting his version of events. At this stage, the Court may not weigh competing evidence or make credibility determinations. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).

Viewing the evidence in the light most favorable to Plaintiff, the Court cannot conclude Defendants are entitled to judgment as a matter of law on Plaintiff's surviving Eighth Amendment claims. For substantially the same reasons, the Court cannot conclude on the present record that Defendants are entitled to qualified immunity as a matter of law.

Accordingly, it is now

**ORDERED:**

1. Defendants Rami Tabil and David Keller's Motion for Summary Judgment (Doc. 77) is **DENIED**.

2. The Court refers this case to a settlement conference with United States Magistrate Judge Kevin R. Huguelet.  Plaintiff and Counsel for Defendants shall confer and contact Judge Huguelet's Chambers on or before June 1, 2026 to set a date convenient for the parties and the court.

**DONE** and **ORDERED** in Fort Myers, Florida on May 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record